IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Patrick Nilo Gil,**<br>   **Plaintiff,** | )<br>)<br>) |
| v. | )   1:22cv618 (RDA/JFA) |
| **Jane Doe, *et al.*,**<br>   **Defendants.** | )<br>)<br>)<br>) |

MEMORANDUM OPINION and ORDER

Patrick Nilo Gil, a Virginia inmate, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated while he was detained at the Nottoway Correctional Center ("Nottoway"). [Dkt. No. 1]. By order dated October 20, 2022, the Court screened his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1] The Court noted the deficiencies and granted Plaintiff leave to amend. Plaintiff filed an amended complaint on November 18, 2022. [Dkt. No. 12]. On February 8, 2023, the Court screened the amended complaint, noted deficiencies (which included deficiencies noted in the October 20, 2022 order that he had not cured), and granted Plaintiff leave to amend and cure the deficiencies. [Dkt. No. 13]. Plaintiff filed a second amended complaint on March 10, 2023. [Dkt. No. 14]. In screening the second amended complaint, the Court identified the following six claims:

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

A. Defendants Jane Doe #1, Fowlkes, Ward, Hite, Sherwood, and Robinson mishandled the investigation of an unfounded Prison Rape Elimination Act ("PREA") claim which resulted in Plaintiff being held in the restrictive housing unit ("RHU") from May 20, 2020 through June 8, 2020 in violation of Plaintiff's Eighth Amendment rights. [Dkt. No. 14 at 11-12].

B. Defendants Jane Doe #1, Fowlkes, Ward, Hite, Walton, Sherwood, Robinson, and Jane Doe #2 negligently failed to properly investigate the PREA complaint and prevent the assault on the Plaintiff in violation of state tort law. [*Id.* at 12].

C. "The defendants" placing Plaintiff in the RHU on an unfounded PREA complaint caused him to lose his prison job in violation of his Eighth Amendment rights. [*Id.* at 13].

D. "The defendants" failed to provide Plaintiff with proper medical treatment and pain medication, and no disciplinary charges were filed in violation of his Eighth and Fourteenth Amendment rights. [*Id.* at 13-14].

E. "The defendants" were negligent, in violation of state tort law, because they failed to call the witnesses Plaintiff requested at the hearing. [*Id.* at 14].

F. Jane Doe #2 was told about the attack ten minutes before it happened and she failed to prevent the attack on Plaintiff in violation of his Eighth Amendment rights. [*Id.* at 14-15].

The Court noted deficiencies and dismissed claims A, C, D, and F for failure to state a claim. Plaintiff was granted leave to amend Claims D and F because amendment may not have been futile, and pendant state law claims B and E were held in abeyance.

On July 31, 2023, Plaintiff filed his third amended complaint ("TAC"). [Dkt. No. 19]. Despite being directed to cure the deficiencies in claims D and F, Plaintiff did nothing to organize his TAC with respect to either claim. Instead the TAC is a rambling narrative of largely conclusory statements and is in essence the same narrative set out in the second amended complaint, which the Court already held was deficient.

### I. Section 1915A

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief

2

can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Third Amended Complaint

In his TAC, Plaintiff has again submitted a rambling narrative in which he fails to label claims as previously directed, and he also fails to identify any action or inaction by any of the named defendants that may constitute a violation of his constitutional rights. Further, Plaintiff

3

continues to ignore the Court's October 20, 2022 Order, which stated that to state a cause of action under § 1983, he must allege facts indicating that

> he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010).

[Dkt. No. 11 at 2-3].

The TAC names the following eight defendants: Jane Doe, Correctional Officer, #1; Lt. Fowlkes, #2; Sgt. Ward, #3; Capt. Hite, #4; Correctional Officer Walton, #5; Sgt. Sherwood, #6; Sgt. Robinson, #7; and Jane Doe Corrections Officer, #8. [Dkt. No. 19 at 1, 3]. In his TAC, Plaintiff alleges that he was seriously injured on June 11, 2020 when he was assaulted by five inmates. Without providing a factual basis, he alleges: (i) that the defendants deliberately denied him medical care; (ii) disciplinary charges should have been filed; and (iii) that the defendants failed to protect him from the June 11, 2020 assault. *Id.* The factual allegations/conduct of each named defendant are summarized as follows:

- Jane Doe, Correctional Officer, #1. Plaintiff alleges that Doe #1, a female with long straight black hair, was present on May 17, 2020 when inmate Culpepper punched Plaintiff and knocked out one of his teeth. [*Id.* at 3-4].
- Sgt. Ward. Plaintiff alleges that Sgt. Ward knew that Plaintiff had "problems" with his cellmate, Simmons. Simmons stopped Sgt. Ward on May 19, 2020, spoke to her, and Sgt. Ward ordered Plaintiff out of his cell and escorted him to the medical unit where he stayed from 11:30 p.m. on May 19, 2020 to 1:00 a.m. on May 20, 2020 until she escorted Plaintiff back to his cell. [*Id.* at 5].
- Lt. Fowlkes. Plaintiff alleges he spoke with Lt. Fowlkes on May 20, 2020 while he was at the pill call window and that Plaintiff told Fowlkes that inmate Simmons was causing problems and that Simmons should be removed from Plaintiff's cell. Fowlkes refused to remove inmate Simmons from the cell. [*Id.* at 5-6].
- Sgt. Robinson, Sgt. Sherwood, and Capt. Hite. At 6:35 p.m. on May 20, 2020, inmate Simmons filed a Prison Rape Elimination Act ("PREA") complaint. Sgt.

4

Robinson and Sgt. Sherwood escorted Plaintiff to Capt. Hite's office. After several minutes, the two escorted Plaintiff to the medical unit, and then at 9:50 p.m. they escorted Plaintiff to the Restrictive Housing Unit ("RHU"), where Plaintiff remained until his release on June 8, 2020. [*Id.* at 5-6].

On June 9, 2020, after Plaintiff had been released from the RHU, Sgt. Ward escorted him to medical where Plaintiff stayed from 4:00 p.m. to 7:00 p.m. Plaintiff was moved because his cellmate did want Plaintiff as a cellmate "due to the PREA rumor." [*Id.* at 8].

- Correctional Officer Walton. Plaintiff alleges that he arrived at the RHU on May 20, 2020, that Officer Walton placed him in a shower cell from 10:00 p.m. to 11:00 p.m., and then escorted Plaintiff to a cell. Plaintiff's property was there, but Plaintiff alleges that several "soups" were missing, and that Officer Walton had given them to other inmates. [*Id.* at 6].

- Jane Doe Corrections Officer, #8. Plaintiff alleges that Doe #8, a black female, knew Plaintiff had allegedly been "falsely accused," and she was talking with a "cadre of workers" at about 1:00 p.m. on June 11, 2020 when the five inmates "jumped" Plaintiff and beat and kicked him. Doe #8 did not notice, for a period of about ten minutes, that Plaintiff was being assaulted because she was negligent and neglected her duties to make rounds and instead was talking with the cadre of workers until the attack "escalated." [*Id.* at 8-9].

### III. Analysis

The Court's June 7, 2023 Memorandum Opinion and Order addressed Claims A (PREA Complaint) and Claim C (loss of his prison job) and explained why neither stated a claim upon which relief can be granted and identified the deficiencies in the two remaining constitutional claims—Claim D (deliberate indifference to a serious medical need) and Claim F (failure to protect). [Dkt. No. 16]. Plaintiff's TAC does not allege any of the eight defendants, including the two Jane Does, denied him – or delayed him from receiving – any medical treatment. In addition, the TAC does not establish that Jane Doe #8, or any of the other defendants, "subjectively perceived facts from which to infer substantial risk to [Plaintiff], that [she] did in fact draw the inference, and then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Despite have several opportunities, Plaintiff has failed to state a claim in either Claim D or Claim F against any of the named defendants.

5

*A. Claim D*

As noted in the June 7, 2023 Order, the portion of this claim that complains that no disciplinary charges were filed against his alleged attackers does not state a claim. [Dkt. No. 16]. "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure," *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017), and he does not have any right to an investigation, to enforce the PREA, or to assert criminal charges. *See generally DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *see Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009) (because plaintiffs in a § 1983 action had no right to a criminal investigation or prosecution of another, plaintiffs had failed to allege a violation of a clearly established statutory or constitutional right); *Viar v. Dep't of Corr.*, No. 7:21cv150, 2021 WL 1433443, at *2, n.3 (W.D. Va. Apr. 15, 2021) (an inmate has "no constitutional right to insist upon an investigation or criminal prosecution) (citing *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990)). Thus, Plaintiff cannot state a claim based on the alleged failure of defendants to file disciplinary charges against the inmates that attacked Plaintiff.

To state a claim of deliberate indifference to a serious medical need, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citation omitted). The plaintiff must show that a defendant both knew of the risk and knew that his conduct was "inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). A prison health care provider is not deliberately indifferent if he or she responds reasonably, or even merely negligently, to known risks. *See Brown v. Harris*, 240 F.3d 383, 389-91 (4th Cir. 2001);

*Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). In addition, while delay of, or interference with, medical treatment can amount to deliberate indifference, *see Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "marked" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." *See Webb v. Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

*Formica*, 739 F. App'x at 755. Plaintiff fails to allege facts that meet this standard.

Here, Plaintiff alleges that all of the defendants were deliberately indifferent to his serious medical need. In the portion of his TAC where he discusses denial of medical care, he complains that his back pain on June 14, 2020 was so severe that he could not get out of bed and that he notified a nurse (not any of the named defendants); the same scenario repeated on June 16, 2020 with him notifying a different nurse (again, not any of the named defendants); and he was notified on June 22, 2020 that his pain medication expired on June 17, 2020. [Dkt. No. 19 at 9]. He also alleges that he was not provided with a cane to assist him in getting out of bed. [*Id.* at 10]. Plaintiff's discussion of the alleged denial of medical care does not involve any of the eight named defendants. Accordingly, each of the defendants will be dismissed with regard to Claim D, because Plaintiff has failed to allege facts supporting a deliberate indifference to a serious medical need claim against them. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### B. Failure to Protect

The TAC alleges that Plaintiff was attacked by five inmates at approximately 1:00 p.m. on June 11, 2020 while Jane Doe #8 was on duty and that she was negligent and neglected her duty

7

to protect him because, until the attack escalated (apparently ten minutes after the confrontation started), Doe #8 was conversing with an inmate worker. [Dkt. No. 19 at 8-9, 15]. Plaintiff also alleges the other defendants are liable for his injuries from the attack, apparently because they should have known he would be attacked. The claim is premised on speculation, is conclusory, and it will be dismissed.

An Eighth Amendment claim for failure to protect is comprised of two elements. First, under the objective prong, an "inmate must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, the subjective prong requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839-40. A prison official's "general knowledge of facts creating a substantial risk of harm is not enough" because he "must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168.[2] To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

---

[2] When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen. . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

8

"The unfortunate reality is that jails and prisons are dangerous places inhabited by violent people. The constitutional expectation 'is that guards act responsibly under the circumstances that confront them,' not that they anticipate every potential danger facing a [prisoner]." *Thomas v. Dart*, 39 F.4th 835, 842 (7th Cir. ) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004)). "It is not enough, the Court held in *Farmer*, that the guard ought to have recognized the risk. Instead, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

Prison officials are liable for failure to protect an inmate only if the officer knew the inmate faced a risk of harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 847. Here, Plaintiff does not allege any facts that establish that Jane Doe #8 knew Plaintiff was in any danger. On June 9, 2020, Plaintiff was moved from a cell because his cellmate did not want Plaintiff as a cellmate. On June 11, 2020, Plaintiff was in the same cell block and he alleges that Jane Doe #8 was negligent because she was conversing with another inmate and that her inattentiveness is what "caused" him to be "knocked" to the floor and "jumped" by five inmates who piled on top of him. [Dkt. No. 19 at 8, 9]. Plaintiff implies that Jane Doe #8, as well as other defendants, should have known Plaintiff would be attacked simply because he does not get along with other inmates, and because he was "labeled" by other inmates as a result of the false PREA complaint.[3] *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) "as the vagueness of a threat increases, the likelihood of 'actual knowledge of impending harm' decreases") (quoting

---

[3] On May 19-20, 2020, Plaintiff complained about his cellmate Simmons, and Simmons had apparently made a PREA complaint against Plaintiff. The TAC indicates the two were separated while the matter was investigated, and Plaintiff was placed in the RHU. [Dkt. No. 19 at 6-7].

9

*Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005)). An inmate's "vague statements that inmates were 'pressuring' him and 'asking questions' were simply inadequate to alert the officers to the fact that there was a true threat at play." *Dale*, 548 F.3d at 569 (quoting *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (holding that an inmate who "told jail officials only that he was afraid and that he wanted to be moved" failed to put those officials on notice of an actionable threat).

Plaintiff does not provide sufficient allegations to establish Jane Doe # 8 or any of the other defendants knew Plaintiff was in any specific danger. Simply because Plaintiff did not get along well with others did not provide notice to Jane Doe #8, or other defendants, that Plaintiff is going to be attacked. *See Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005) (a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility"). In *Dale*, the Seventh Circuit used the example of a snitch to illustrate this point. "Just because a correctional officer knows an inmate has been branded a snitch—and it's common knowledge that snitches face unique risks in prison—does not mean that an officer violates the Constitution if the inmate gets attacked." 548 F.3d at 570; *Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (finding that statements by a prisoner that he was "having problems in the block" and "needed to be removed" were insufficient to establish deliberate indifference).[4]

The TAC provides no specifics with regard to the June 11, 2020 attack. If anything, in general, the TAC establishes that when the officers were aware of an issue with a specific other inmate, they separated Plaintiff and the other inmate. *See, supra* at note 3. Neither Jane Doe #8, nor the other defendants, knew "of threats to [Plaintiff] posed by a specific source," nor did they

---

[4] *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015) ("Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger.") (collecting cases).

10

place Plaintiff "in the same cell as an inmate known to have violent propensities." *Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009) (citing *Brown*, 398 F.3d at 914-15). Accordingly, all eight defendants and claims D and F will be dismissed without prejudice for failure to state a claim.

Because all of the constitutional claims have been dismissed, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the Court declines to exercise its discretion to retain the state tort claims (Claims B and E) and they will be dismissed without prejudice. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990); *see also White v. Ammar's. Inc.*, 836 F.2d 1343, 1988 WL 1077 at *1 (4th Cir. 1988) (unpublished) ("Because there is no subject matter jurisdiction, White's additional claims regarding pendant jurisdiction were properly dismissed.").

Accordingly, it is hereby

**ORDERED** that Claims A, C, D, and F as set forth in the second and third amended complaints [Dkt. Nos. 14, 19] is DISMISSED WITHOUT PREJUDICE for failure to state a claim, *see* 28 U.S.C. § 1915A; and it is

**FURTHER ORDERED** that pendant state law Claims B and E as set forth in the second and third amended complaints [Dkt. Nos. 14, 19], are DISMISSED WITHOUT PREJUDICE; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[5] this dismissal may affect plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

---

[5] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

11

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendants, to send a copy of this Order to plaintiff, and to close this civil action.

Entered this 14th day of November 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge